IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Crim. Action No. 2:19-cr-00008-NR |
| v. ) | |
| ) | *Electronically Filed* |
| DANA PENNEY, ) | |
| ) | The Honorable J. Nicholas Ranjan |
| Defendant. ) | United States District Judge |

**MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR A FRANKS HEARING**

AND NOW, comes Defendant Dana Penney ("Mr. Penney"), by and through his attorney, Laurel Gift, Esquire, and presents the following Motion to Suppress Evidence and request for a *Franks* Hearing and avers as follows:

1. Mr. Penney is named in count one of the superseding indictment and is charged with violating 21 U.S.C. §846. Count one alleges that Mr. Penney participated in a conspiracy to violate 21 U.S.C. §841 and alleges that the conspiracy encompassed multiple controlled substances. Superseding Indictment, ECF No. 501.

2. Mr. Penney is named in count nine of the superseding indictment and is charged with violating 21 U.S.C. §841 on June 19, 2018. Superseding Indictment, ECF No. 501. This charge was initially the subject of a state prosecution in Beaver County, Pennsylvania initiated by the Pennsylvania Office of Attorney General resulting, in part, from a search warrant executed on June 19, 2018.

3. At the time of his federal arrest and indictment, Mr. Penney had two additional charges pending in Beaver County: one resulting from an encounter with the Aliquippa Police Department on April 14, 2018. While these are not stand alone charges under federal indictment, the Government has indicated its intent to introduce evidence pertaining to these arrests and

theorizes that the alleged conduct is part of the conspiracy alleged in count one of the superseding indictment.

4.     Mr. Penney moves to suppress: A) all evidence obtained subsequent to the encounter on April 14, 2018 as the evidence seized was obtained as the result of an unlawful search; and B) all evidence seized from 1229 Irwin Street, Aliquippa, PA 15001, pursuant to the Pennsylvania Office of Attorney General search warrant executed on June 19, 2018 as such evidence was obtained illegally because the warrant lacked probable cause and the affidavit contained material falsehoods.

### *April 14, 2018 Seizure*

5.     On April 14, 2018, Mr. Penney and a female associate were found sleeping in a parked vehicle.

6.     Based upon the minimal discovery provided to date, there is no indication that the vehicle was illegally parked or blocking traffic.

7.     Instead of engaging in a dialogue with Mr. Penney, officers forcibly removed Mr. Penney from the vehicle, handcuffed Mr. Penney, and conducted a search of his person and the vehicle.

8.     Aliquippa Police Officers lacked reasonable suspicion to detain Mr. Penney. United States v. Delfin-Colina, 464 F.3d 392, 397 (3d Cir. 2006).

9.     Further, Aliquippa Police Officers lacked probable cause to justify the removal and handcuffing of Mr. Penney, as well as the subsequent search. Washington v. Lambert, 98 F.3d 1181 (9th Cir. 1996).

*June 19, 2018 Search Warrant*

10. The June 19, 2018 search warrant affidavit lacks probable cause and is fraught errors and material falsehoods. Ex. A, Application for Search Warrant and Affidavit in Support of Application (June 19, 2018).

11. The June 19, 2018 search warrant authorizes the search of a residence located at 1229 Irwin Street Aliquippa, PA 15001.

12. Probable cause to support the issuance of a search warrant exists if there is sufficient reason based upon known facts to believe that evidence of a crime is located at the identified premises.

13. Here, the Affidavit, which is premised upon: (1) a controlled purchase of illegal narcotics some distance from the property located at 1229 Irwin Street, Aliquippa, PA 15001; (2) the statement of CI#1 that Mr. Penney "utilizes" a blue house on Irwin Street; (3) the statement of CI#2 that he purchased cocaine from the occupant of 1229 Irwin Street (who is not Mr. Penney); (4) the self-serving double hearsay statement of the cocaine-selling occupant that Mr. Penney was "stashing" cocaine and a grey substance at 1229 Irwin Street; and (5) the statement of CI#3 that Mr. Penney sells cocaine in Aliquippa with no reference to the residence located at 1229 Irwin Street lacks probable cause.

14. In addition to the general lack of probable cause, Mr. Penney submits that the above violations and irregularities establish a substantial preliminary showing that false information was knowingly and intentionally, or with reckless disregard for the truth included in the search warrant affidavit and accordingly a hearing on the matter is required. Franks v. Delaware, 98 S.Ct. 2674 (1978).

15. The alleged false information and errors includes the following:

3

   a.  The Application for Search Warrant and Authorization claims that the occupant of 1229 Irwin Street Aliquippa, Beaver County, Pennsylvania 15001 is "Dana Penny [sic]."

   b.  The Affiant fails to provide sufficient information linking the "blue house" on Irwin Street to 1229 Irwin Street.

   c.  The owner of 1229 Irwin Street is not in fact "Sterling [sic]" Jenkins as alleged in the Affidavit and by CI#2.  Ex. B, Beaver County Property Search Records (March 24, 2020).

   d.  Based upon information and belief, at least one of the controlled purchases referenced in the Affidavit did not involve in the exchange of illegal narcotics for U.S. currency.[1]

   e.  The "surveillance team" referenced in the Affidavit actually consisted of one agent positioned more than 50 feet from the transaction who either could not see the transaction or could not maintain consistent visual identification of both the confidential informant and Mr. Penney.[2]

16.  The Memorandum of Law in Support of Motion to Suppress, which was filed contemporaneously herewith, is incorporated herein as if fully set forth.

---

[1]  A Franks hearing is requested to fully explore this averment.  Further, due to the outbreak of the novel coronavirus, COVID-19, undersigned counsel and her approved private investigator have been unable to fully investigate this allegation or confer with her client.  It is requested that leave to amend this pretrial motion be granted if necessary.

[2]  A Franks hearing is requested to fully explore this averment.  Further, due to the outbreak of the novel coronavirus, COVID-19, undersigned counsel and her approved private investigator have been unable to fully investigate this allegation or confer with her client.  It is requested that leave to amend this pretrial motion be granted if necessary.

WHEREFORE, Defendant Dana Penney requests that this Court grant enter an Order suppressing and prohibiting the Government from introducing any and all evidence associated with the April 14, 2018 seizure and June 19, 2018 search. Alternatively, if the Court finds that the June 19, 2018 search warrant was supported by probable cause, Defendant Dana Penney requests that this Court enter an Order scheduling a *Franks* hearing to fully explore the irregularities, inconsistencies, and inaccuracies associated with the search warrant executed by the Pennsylvania Office of Attorney General on June 19, 2018.

Respectfully submitted,

SCHNADER HARRISON SEGAL & LEWIS LLP

By: */s/Laurel Gift*
Laurel Gift
Pa. I.D. No. 87115

Fifth Avenue Place
120 Fifth Avenue, Suite 2700
Pittsburgh, PA 15222
Telephone:  (412) 577-5115
E-mail:  lgift@schnader.com

*Attorney for Defendant, Dana Penney*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO SUPPRESS EVIDENCE AND REQUEST FOR A FRANKS HEARING** was served this 24th day of March, 2020, via this Court's CM/ECF electronic filing system.

        By:    */s/Laurel Gift*
                  Laurel Gift
                  Pa. I.D. No. 87115

                  Fifth Avenue Place
                  120 Fifth Avenue, Suite 2700
                  Pittsburgh, PA 15222
                  Telephone:  (412) 577-5115
                  E-mail:  lgift@schnader.com

                  *Attorney for Defendant, Dana Penney*